**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GURDEEP SINGH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-593** |
| | : | |
| **MICHAEL T. ROSE, KRISTI NOEM,** | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY, PAMELA BONDI,** | : | |
| **EXECUTIVE OFFICE IMMIGRATION** | : | |
| **REVIEW, JAMAL LAWRENCE** | : | |

# <u>ORDER</u>

**AND NOW**, this 9th day of February, 2026, upon consideration of petitioner Gurdeep

Singh's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (DI 1), and the

government's response (DI 4), it is **ORDERED** that Mr. Singh's petition is **GRANTED** for the

reasons that follow:

1.      Mr. Singh is an Indian citizen who has lived in Philadelphia for almost four

years.[1]  DI 1 at 7 (ECF).  He entered the United States on April 16, 2022, surrendered himself to

immigration authorities, and was released on his own recognizance on that same day.  *Id.*  The

Department of Homeland Security (DHS) placed Mr. Singh in removal proceedings before the

Philadelphia Immigration Court on or about April 19, 2022, and since then Mr. Singh has

awaited the scheduling of a hearing date with the Philadelphia Immigration Court.  *Id.* at 8.  He

also timely filed an application for asylum on or about November 22, 2022.  *Id.*

2.      Mr. Singh resides with his wife and daughter at his Uncle's house in Lansdale,

Pennsylvania.  *Id.*  He has never been criminally arrested or apprehended by law enforcement

apart from his initial immigration arrest.  *Id.*  However, on January 29, 2026, Mr. Singh was

---

[1] The government does not dispute the "facts or characterizations" of Mr. Singh's petition other than any claim Mr. Singh has been "admitted" to the United States.  DI 4 at 4 (ECF).

apprehended at his regularly scheduled check-in with Immigration and Customs Enforcement in King of Prussia, PA. *Id.* at 6. Mr. Singh is currently detained at the Federal Detention Center in Philadelphia without a bond hearing pending his immigration court proceedings. *Id* at 7.

3.      Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to aliens already in the United States and gives the Attorney General discretion to detain an alien or release them on bond pending a decision on the alien's removal. 8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019). If detained, the alien may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community. 8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

4.      By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

5.      On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025). Under the BIA's *Hurtado* decision, BIA concluded that resident aliens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render aliens present in the United States

ineligible to be released on bond.  The government argues that in light of the *Hurtado* decision, Mr. Singh is not entitled to a bond hearing.  DI 4 at 14-17 (ECF).  We cannot agree.

6.  As the government acknowledges, the "vast majority" of courts confronted with this issue "have rejected the government's position," including more than 150 decisions from judges in this district to date.  *Id.* at 3 (ECF).  We adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein.  See, e.g., *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 31716392 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, et al., No. 25-cv-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, et al., No. 25-cv-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv6376, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No.

25-cv-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809, 2025 WL 3530075 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458, 2025 WL 3527528 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J).

7.     Accordingly, if Mr. Singh is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The Government shall **RELEASE** Mr. Singh from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Tuesday, **February 10, 2026**;

8.     The Government is temporarily enjoined from re-detaining Mr. Singh for seven days following his release from custody;

9.     If the Government chooses to pursue re-detention of Mr. Singh after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

10.     Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Singh from the Eastern District of Pennsylvania before

4

the ordered bond hearing.  If an immigration judge determines that Mr. Singh is subject to

detention under 8 U.S.C. § 1226(a), the Government may request permission from the court to

move Mr. Singh if unforeseen or emergency circumstances arise that require him to be removed

from the District.  Any such request must include an explanation for the request as well as a

proposed destination. We will then determine whether to grant the request and permit transfer of

Mr. Singh.

**MURPHY, J.**